IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, *et al.*, | : Case No. 3:24-cv-00216 : : District Judge Thomas M. Rose |
| Plaintiffs, | : Magistrate Judge Caroline H. Gentry : |
| vs. | : : |
| JAYLEE PEREZ, *et al.*, | : : |
| Defendants. | : |

**ORDER GRANTING MOTION TO STAY PROCEEDINGS**

This matter is before the Court on Defendant Megan Riley's Motion to Stay Declaratory Action ("Motion to Stay," Doc. No. 19). For the reasons discussed below, the Court **GRANTS** the Motion and temporarily **STAYS** this litigation pending the resolution of the underlying state-court lawsuit.

**I.    BACKGROUND**

This case arises from a personal injury action that is currently pending in the Preble County Court of Common Pleas. *See Riley v. Encompass Home and Auto Insurance Company, et al.*, No. 23 CV 32827 (Preble Cty. Ct. C.P. 2023). While that matter was pending, Plaintiffs Liberty Mutual Personal Insurance Company and Liberty Mutual Fire Insurance Company ("Plaintiffs") brought a declaratory judgment action in this Court against Defendants Jaylee Perez ("Defendant Perez") and Megan Riley ("Defendant Riley"). (Complaint, Doc. No. 1.)

1

Defendant Riley seeks a stay of this matter because the case that is pending before the Preble County Court of Common Pleas is set for trial in the near future.[1] (Motion to Stay, Doc. No. 19 at PageID 171-72.) Defendant Riley contends that the trial will resolve the issues that Plaintiffs raise in the case at hand. (*Id.*; *see also* Reply, Doc. No. 22.) According to Defendant Riley, Plaintiffs filed this declaratory action to "avoid insurance coverage of [Defendant] Perez" because Defendant Perez's conduct was intentional and therefore not an "occurrence" under the relevant insurance policy. (Motion to Stay, Doc. No. 19 at PageID 171-72.) Defendant Riley contends that the trial will answer the question of whether Defendant Perez's conduct was negligent or intentional, which will resolve the issues in this federal case. (*Id.* at PageID 171-73; Reply, Doc. No. 22 at PageID 187-88.) Defendant Riley also asserts that a stay will further the interests of judicial economy and ensure consistent verdicts between the state and federal court cases. (Motion to Stay, Doc. No. 19 at PageID 173; Reply, Doc. No. 22 at PageID 188-89.) Finally, Defendant Riley argues that the case at hand is in the early stages of litigation and so Plaintiffs will not be prejudiced or exposed to hardship. (Motion to Stay, Doc. No. 19 at PageID 173-74; Reply, Doc. No. 22 at PageID 189.)

Plaintiffs respond that Defendant Riley's motion "rests almost entirely on a false premise" and "wrongly assumes that every negligence cause of action is covered by insurance." (Response in Opposition, Doc. No. 21 at PageID 179, 182-83.) Plaintiffs also assert that there is no risk of inconsistent decisions because the trial verdict will have "no

---

[1] When Defendant Riley filed the Motion to Stay, the Preble County Common Pleas trial was set for December 17, 2024. According to the docket, however, that trial was subsequently rescheduled for July 1, 2025.

dispositive effect on coverage," public welfare will not be served by a stay, and Plaintiffs will be prejudiced by a stay. (*Id.* at PageID 183-85.)

## II. LAW AND ANALYSIS

Both the Court and the public have an interest in avoiding unnecessary delays of judicial proceedings. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 629 (6th Cir. 2014) (noting that "the public interest is furthered where individuals' injuries are remedied in a timely manner"). Nevertheless, "[a] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking a stay bears the burden of showing "that there is pressing need for delay[] and that neither the other party nor the public will suffer harm from entry of the [stay]." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). When considering a request for a stay, this Court evaluates the following factors:

> (1) the potentiality of another case having a dispositive effect on the case to be stayed, (2) the judicial economy to be saved by waiting on a dispositive decision, (3) the public welfare, and (4) the hardship/prejudice to the party opposing the stay, given its duration.

*Latta v. U.S. Dep't of Educ.*, 653 F. Supp. 3d 435, 439 (S.D. Ohio 2023) (Watson, D.J.) (citations and internal quotation marks omitted).

Considering these factors, the Court finds that they weigh in favor of imposing a stay. As to the first factor, significant overlap exists between the factual issues in this case and the factual issues in the underlying action in state court. Defendants argue that the two lawsuits do not involve the same legal issues, and that Plaintiff "wrongly assumes

3

that every negligence cause of action is covered by insurance." (Mem. In Opp., Doc. No. 21 at PageID 179.) However should the state-court trial result in a verdict that Defendant Perez's conduct was intentional, the decision could dispose of Plaintiffs' claims about whether Defendant Perez's conduct rises to an "occurrence" and is an accident under the policy. For similar reasons, the public's interest of consistent opinions from courts—the third factor—also supports a stay in this case.

The second factor also weighs in favor of imposing a stay. The state-court case was filed in November 2023 and the matter is set for trial in June 2025. Conversely, this case is in its early stages. Because the Court has not yet issued a scheduling order, the stay will have no impact on case deadlines.

As to the fourth and final factor, the Court finds that Plaintiffs will not suffer significant prejudice or disadvantage if this matter is delayed pending resolution of the underlying action in state court. Plaintiffs assert that they will be prejudiced by a stay because they "[have] a right to [a determination of Plaintiff's rights and obligations to Defendant Perez under the policies at issue] without delay." But as discussed above, this case is in its early stages—before the pleadings have closed, discovery has commenced, and a scheduling order has been issued. By contrast, the state-court trial is scheduled for next summer. There is no pressing reason to proceed with haste in this matter. This factor, too, weighs in favor of granting Defendant Riley's Motion to Stay.

The Court will therefore exercise its discretion to grant Defendant Riley's Motion to Stay.

### III. CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant Riley's Motion to Stay (Doc. No. 19). This matter is **STAYED** pending the resolution of Case Number 23 cv 32827 in the Preble County Court of Common Pleas. Plaintiff Riley is **ORDERED** to file a status report every thirty days during the pendency of the state-court proceedings. Additionally, Defendant Riley is **ORDERED** to inform the Court within five days of any continuance of the scheduled trial or verdict in that case.

**IT IS SO ORDERED**.

          *s/ Caroline H. Gentry*
          Caroline H. Gentry
          United States Magistrate Judge

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.3.